Stephen E. Carroll, # 116333
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff
ALAN J. VALLARINE, D.D.S.

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| ALAN J. VALLARINE, D.D.S., | Case No.  06 CV 00239 LJO DLB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **[Local Rule 83-143]** |
| DOUGLAS E. FREEMAN, CAROL E. FREEMAN, VICKIE A. KASPRYZK, DAVID KASPRYZK, FRESNO DENTAL SURGERY CENTER, INC., a California Corporation, AND DOES I to XX, | |
| Defendants. | |

This Stipulated Protective Order is entered into by and between Plaintiff ALAN J. VALLARINE, D.D.S. and Defendants DOUGLAS E. FREEMAN, CAROL E. FREEMAN, VICKIE A. KASPRYZK, DAVID KASPRYZK, FRESNO DENTAL SURGERY CENTER, INC., a California Corporation.  Plaintiff and Defendants are hereinafter collectively referred to as "the Parties."  Reference is made to the following facts:

    A.    The Parties possess financial and accounting documents, trade secrets, propriety information and other confidential information that they desire to keep confidential, which may be obtained through discovery in this case.

    B.    The Parties desire to stipulate to a protective order sanctioned by the Court to protect such financial and accounting documents, trade secrets, propriety information, and other

1247663.v1

confidential information from unnecessary disclosure.

ACCORDINGLY, the Parties, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order:

1. <u>Scope of the Order</u>.  This Stipulated Protective Order covers all documents and information designated "Confidential" produced in connection with any discovery undertaken in this case.  This Stipulated Protective Order is intended to cover all discovery propounded and answered by any party at any time and depositions wherein "Confidential" information is used or discussed.  This Stipulated Protective Order is entered into as to this case only and does not in anyway relate to or apply in the state court companion case of Alan J. Vallarine, D.D.S. v. Douglas E. Freeman, *et. al.* , Case No. 06 CE CG 00510 AMS in Fresno County Superior Court.

2. <u>Designation of Confidential Information</u>.  The Parties shall each be responsible for designating documents and things containing financial and accounting documents, trade secrets, propriety information, and other confidential information as "Confidential" by stamping or otherwise clearly identifying the same as "Confidential" before production.  Any information stamped or otherwise designated "Confidential" by any Party shall hereinafter be referred to as "Confidential Information."  If any party disagrees with the "Confidential" designation of any document, the party so disagreeing shall, no later than 30 days after the date upon which the "Confidential" document was produced, notify by written notice, served on all parties in the case, that the party disagrees with the designation of the document as "Confidential," and shall in the notice both identify the document at issue and state the reasons why the challenging party disagrees with the designation of the document as "Confidential."  If the parties are unable to resolve any "Confidential" document designation dispute informally, the dispute may be presented by motion to the Court by the party challenging the designation of the document as "Confidential."  Before the Court, the party who has designated the document as "Confidential" shall have the burden of proving that such document contains Confidential Information.  The prevailing party on a motion to the Court that challenges the designation of a documents as "Confidential" shall be entitled to recover its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court.

3.  <u>Recipients of Confidential Information</u>.  Confidential Information may only be disclosed to the following persons:

    (a)    The Court;

    (b)    The attorneys of record for the Parties;

    (c)    The staff of the attorneys of record for the Parties, including secretaries, paralegals, law clerks, and similar persons working under the supervision of the attorneys of record;

    (d)    Independent experts or consultants, not regularly employed or associated with any attorney, retained by any attorneys of record to render technical or expert advice or to give opinion testimony in this action (hereinafter "Independent Experts").

Confidential Information may not be disclosed to the named parties in this case unless the attorney of record for the party to whom the Confidential Information is to be revealed first advises opposing counsel in writing of their intent to disclose Confidential Information to their client, specifically identifies the Confidential Information to be disclosed and opposing counsel consents in writing to such disclosure.  Any counsel receiving a written request from opposing counsel to disclose Confidential Information to a party shall respond in writing to the request, indicating whether the request is granted or denied.  The parties and their counsel agree to provide timely responses to a written request from opposing counsel to disclose Confidential Information to a party.  For purposes of this Stipulation, the parties and their counsel agree that a response to opposing counsel's written request to disclose Confidential Information to a party shall be provided by no later than seven (7) calendar days from the date that appears on the written request to disclose Confidential Information to a party.  The parties and their counsel further agree that they shall meet and confer in an effort to resolve any issue concerning disclosure of Confidential Information to a party.  If the parties are unable to informally resolve any dispute involving disclosure of Confidential Information to a party, the dispute may be presented by motion to the Court by the party seeking to disclose Confidential Information to a party.  Before the Court, the party who has refused to allow disclosure of Confidential Information to a party shall have the burden of proving that such document contains Confidential Information which should not be

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1247663.v1     3

STIPULATED PROTECTIVE ORDER 06 CV 00239 LJO DLB

disclosed to a party in the case. The prevailing party on a motion to the Court that seeks disclosure of Confidential Information to a party shall be entitled to recover its costs and reasonable attorneys' fees associated with bringing or opposing the motion before the Court.

4.     <u>Except as provided herein, Confidential Information shall not be disclosed to any non-party</u>.

5.     <u>Conditions to be Met Prior to Disclosure</u>.  Before any Confidential Information is disclosed to any persons, other than the Court and the attorneys of record for the Parties, who are described in Paragraph 3(d), above, the attorney(s) for the party attempting disclosure shall fully explain the terms of this Order and shall advise the attorneys' support staff and any expert or consultant that the Confidential Information is subject to this Order and may not be disclosed to any other person. Further, the attorney(s) for the party attempting disclosure shall have such persons read the Order and shall ascertain to the best of the attorneys' abilities that such persons fully understand the terms of the Order.

7.     <u>Written Undertaking</u>. Before Confidential Information is disclosed to any persons described in paragraph 3(d) above, other than the Court and the attorneys of record for the Parties, the attorney(s) for the disclosing party shall have each person execute a written undertaking in the form of Exhibit "A" hereto.

8.     <u>Faxed signatures.</u>  The parties may submit executed copies of their signatures via facsimile which shall be enforceable as original wet ink signatures.

9.     <u>Execution in counter-parts</u>. This Stipulated Protective Order may be executed in counterparts, and when so executed, each counterpart shall be deemed to be an original and shall constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

10.     <u>Filing with the Court</u>. All Confidential Information filed with the Court, or any pleading or memorandum that includes or purports to reproduce or paraphrase any Confidential Information, shall be filed only in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL," and a statement substantially in the following form:

1  "CONFIDENTIAL.  Filed pursuant to Stipulated Protective Order.  Not to be opened or
2  the contents thereof displayed or revealed, except by Order of the Court or pursuant to written
3  stipulation of the Parties to this action."  This envelope shall not be opened without Order of the
4  Court, except by officers of the Court and counsel of record, who, after reviewing the contents,
5  shall return them to the Clerk in a sealed envelope or container.

6        9.    <u>Use of Confidential Information</u>.  Confidential Information disclosed
7  pursuant to this Stipulated Protective Order shall not be used other than for the purposes of this
8  action. "Confidential" documents disclosed pursuant to this Stipulated Protective Order may be
9  used in connection with any trial of this case.  The use of any document designated
10 "Confidential," under the terms of this Stipulated Protective Order, at trial will be subject to the
11 terms and conditions of this Stipulated Protective Order, including, but not limited to, paragraph
12 12 below.

13        10.    <u>Depositions</u>.  Attorneys of record may designate deposition testimony and
14 exhibits thereto as Confidential Information.  The transcript of any deposition designated
15 Confidential and the exhibits thereto shall be marked in accordance with paragraph 2 above.  The
16 deposition transcript, copies thereof, and the substance or contents of the oral testimony and
17 exhibits shall in all respects be treated by all attorneys as Confidential Information, and shall not
18 be disclosed or filed with the Court except in accordance with the terms of this Order.

19        11.    <u>Return of Confidential Information and Delivery of Undertakings</u>.  Within
20 sixty (60) days of the conclusion of this action, all Confidential Information, including all copies,
21 notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other
22 references thereof or thereto, shall be returned to the counsel of record for the party who produced
23 it or, alternatively, destroyed.

24        12.    <u>True and Authentic Copy.</u>  All documents produced by any party that are
25 designated "Confidential" and as to which no unresolved dispute exists as to whether or not the
26 document is property designated "Confidential" under the terms of this Stipulated Protective
27 Order, are deemed to be true and correct, authentic copies of the original document and shall be
28 considered for admission into evidence without further authentication or predicate as records of

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1247663.v1                                       5
STIPULATED PROTECTIVE ORDER 06 CV 00239 LJO DLB

1  regularly conducted business activity under Federal Rule of Evidence 803(6), unless the party
2  who has designated the document as "Confidential" establishes that the document is not a record
3  of its regularly conducted business or that the document cannot be authenticated under Federal
4  Rule of Evidence 902(11).  All other objections as to the admissibility of any "Confidential"
5  document as evidence at any trial of this case are preserved and may be asserted by any party.

6        13.   All the terms of this Stipulated Protective Order as to the designation of
7  "Confidential" documents for the purposes of this case shall be binding upon and inure to the
8  benefit of the parties hereto and to their successors and assigns.

9        The parties, by the undersigned counsel for each party, agree that this STIPULATED
10 PROTECTIVE ORDER AND (PROPOSED) ORDER may be signed by counsel pursuant to
11 Local Court Rule 7-131(e), and that all counsel listed below have authorized the submission of
12 this STIPULATED PROTECTIVE ORDER AND (PROPOSED) ORDER to this Court.

13 **IT IS SO STIPULATED:**

Dated: July _____, 2008         COLEMAN & HOROWITT, LLP

By:_____
Darryl J. Horowitt
Attorneys for Defendants
DOUGLAS E. FREEMAN, CAROL E. FREEMAN, VICKIE A. KASPRYZK, DAVID KASPRYZK, FRESNO DENTAL SURGERY CENTER, INC.,

Dated: July _____, 2008         McCORMICK, BARSTOW, SHEPPARD WAYTE & CARRUTH LLP

By:_____
Stephen E. Carroll
Attorneys for Plaintiff
ALAN J. VALLARINE, D.D.S.

///

# EXHIBIT "A"

# PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

1. My address is _____, and my present occupation is _____.

2. I have received a copy of the **STIPULATED PROTECTIVE ORDER** regarding Confidential Information in the action entitled *Vallarine v. Freeman, et. al.*, filed in the United States District Court for the Eastern District of California, Fresno Division as Case No. Case No. 06 CV 00239 LJO DLB.

3. I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER**. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any information designated **"Confidential."**

4. I will return any materials received under this **STIPULATED PROTECTIVE ORDER** at the conclusion of the instant case, to the party or its counsel who originally disclosed such material.

5. I hereby stipulate to the jurisdiction of the United States District Court for the Eastern District of California, Fresno Division, with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER** against me, whether by way of contempt of Court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

## ORDER

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated **STIPULATED PROTECTIVE ORDER** is sanctioned by the Court. and shall be and now is the Order of the Court. All Parties in this action shall abide by the terms of this **STIPULATED PROTECTIVE ORDER** as to the disclosure of any all documents and information designated "Confidential" that are produced in connection with this case.

**NOT WITHSTANDING PARAGRAPH 10** above, any request to file documents with the Court under seal **SHALL COMPLY WITH LOCAL RULE 39-141**.

**IT IS SO ORDERED**

Dated: 12 August 2008

\_\_\_\_/s/ *Dennis L. Beck*_____

**U.S. MAGISTRATE JUDGE**

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1247663.v1                                  8

STIPULATED PROTECTIVE ORDER 06 CV 00239 LJO DLB

**Case Name:**  VALLARINE v. FREEMAN, *et al.*
**Case No.:**   United States District Court for the Eastern District of California

### DECLARATION OF SERVICE

I am a citizen of the United States and employed in Fresno County, California; I am over the age of 18 years and not a party to the within action; my business address is 5 River Park Place East, Fresno, CA 93720. I am familiar with my law firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Fresno, California. On the date below I served the attached: **STIPULATED PROTECTIVE ORDER AND (PROPOSED) ORDER**

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by Verilaw to be posted to the website and notice given to all parties that the document has been served.

addressed as follows:

Darryl J. Horowitt
Coleman & Horowitt, LLP
499 West Shaw, Suite 116
Fresno, CA  93704

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2008, at Fresno, California.

/s/ Melany Hertel
Melany Hertel

1243971.v1

1247663.v1               10

STIPULATED PROTECTIVE ORDER 06 CV 00239 LJO DLB

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA  93720-1501