# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN J. VALLARINE, D.D.S., | CASE NO. CV F 06-0239 LJO DLB |
| Plaintiff, | **AMENDED PRETRIAL ORDER** |
| vs. | Motions in Limine<br>Filing Deadline: May 26, 2009 |
| DOUGLAS E. FREEMAN, et al., | Motions in Limine<br>Response Deadline: June 1, 2009 |
| Defendants. | Motions in Limine<br>Hearing: Date: June 5, 2009<br>Time: 1:30 p.m.<br>Dept.: 4 (LJO) |
| / | Jury Trial: Date: June 15, 2009<br>(10 days max.) Time: 8:30 a.m.<br>Dept.: 4 (LJO) |

This Court conducted a May 14, 2009 status conference in which a new trial date was assigned. Pursuant to F.R.Civ.P. 16(e), the Court amends its prior pretrial order with revised dates. (Doc. 63.)

**A.     Jurisdiction and Venue**

This Court has jurisdiction over this matter because the issues in dispute involve federal questions. These matters are undisputed.

**B.     Jury/Court Trial**

Trial will be before a jury.

**C.     Estimated Length of Trial**

The trial is set for a maximum of 10 days. Counsel shall note that this Court holds its criminal

1

calendar every Friday. Therefore, this case will be dark on Fridays.

**D.     Trial Date**

Trial will be **June 15, 2009 at 8:30 a.m.** in Department 4 of this Court before United States District Judge Lawrence J. O'Neill.

**E.     Witnesses**

Only witnesses listed in this pretrial order (including "rebuttal" and/or "impeachment" witnesses) shall be allowed to testify at trial, except as may otherwise be provided by order of the Court after a showing of good cause, or by stipulation of the parties and Court order thereon. No later than **June 8, 2009**, each party shall file and serve a final witness list, including the name of each witness along with the business or home address of each witness, to the extent known, and omitting witnesses listed herein which the parties no longer intend to call. Only witnesses listed in this pretrial order may appear on the final witness list, and no additional witnesses will be allowed to testify.

**1.     PLAINTIFF'S PROPOSED WITNESSES:**

The witnesses that Plaintiff presently may call are as follows:

1. Sam J. Romeo, MD.
2. Pam Wheeler.
3. William Sloan, DMD.
4. Douglas Freeman. (Deceased. Deposition transcript possible)
5. Greg Eisenhour.
6. Robert Ellis.
7. PMK of CFRS Realty Holding corporation.
8. Justin Emmi.
9. Chet Prohaska.
10. Bruce McClenan.
11. Michael Pratt.
12. Serene Oglesby.
13. M. Alison Boucher, CPA.
14. Mark Hagele.

15. Gabriella Kinsella.

16. Alan John Vallarine, DDS.

17. Plaintiff's Expert Witness, Stu Harden.

18. Marcus Kaspryzk.

19. Vickie A. Kaspryzk.

**2. DEFENDANTS' PROPOSED WITNESSES**

The witnesses that DEFENDANTS presently may call are as follows:

1. Vickie Kasprzyk.

2. Douglas Freeman, M.D.. (deceased. Deposition transcript possible)

3. Alan Vallarine, DDS.

4. Pam Wheeler.

5. William Sloan, DMD.

6. David Kasprzyk.

7. Carol E. Freeman.

8. Dana Wood.

9. Julie Day.

10. Dave Archer.

11. Stan McDivitt.

12. Pratt Navarro .

13. Dan Miller.

14. Jose, with Sullivan Sheen.

15. Dave Boring.

16. M. Allison Boucher, CPA.

17. PMK and/or Brian Burry, CFRS Realty Holding Company.

18. Chris Cammack.

19. PMK Robert Ellis Leasing & Investments, Inc.

20. Thomas J. Block.

21. Robert Fores, Esq.

22. Ralph Curtis, Esq.

23. Ross Lee, Esq.

24. Nicholas Yonano, Esq.

During the course of the trial, the parties' counsel are obligated to provide the Court and the other parties' counsel, no less than one court day before a witness is called, with the name of the witness and the identity of all exhibits and other material that will be referenced during questioning of the witness. If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required. During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

**F.     Trial Exhibits**

    **1.     Duty to Pre-Mark Exhibits**

No later than **June 1, 2009,** the parties shall exchange their proposed exhibits to the extent they have not done so. The parties' counsel shall meet and conduct an exhibit conference no later than **June 8, 2009** to pre-mark and examine trial exhibits and to prepare exhibit lists. All joint exhibits (i.e., any document which the parties agree should be introduced into evidence) shall be pre-marked with the prefix "JX" and numbered sequentially (i.e., JX/1, JX/2, etc.). All Plaintiffs' exhibits shall be pre-marked with the prefix "PX" and numbered sequentially (i.e., PX/1, PX/2, etc.). All Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially (i.e., DX/A, DX/B, etc.)

    **2.     Indexes**

All jointly agreed upon exhibits shall be listed on a separate joint exhibits index. All jointly agreed upon exhibits will be admitted into evidence on introduction and motion of any party without further foundation. The index should be formatted as follows:

  Ex. No.     Description (w/ date)

_____

As to the parties' respective, separate exhibits to which there are no objections, such exhibits shall be listed on an index of all the exhibits of the offering party with an "X" in a column entitled "No Obj." and will be admitted upon introduction and motion of the offering party without further foundation. With respect to those exhibits as to which the only objection is to foundation, such exhibits

shall be listed on an index of all the exhibits of the offering party with an "X" in a column entitled "Found. Obj." All other exhibits shall be listed on the offering party's exhibits index with an "X" in a column entitled "Subst. Obj." All of a party's separately-offered exhibits (discussed in this paragraph) shall be listed on one index formatted as follows:

| Ex. No. | Description (w/ date) | No Obj. | Found. Obj. | Subst. Obj. |
|---|---|---|---|---|

### 3. Submission of Trial Exhibits and Indexes

The original and two copies of all pre-marked trial exhibits (joint and separate), along with the appropriate indexes, shall be **submitted to the clerk's office** no later than **June 8, 2009**. The parties' counsel should note that, pursuant to Local Rule 16-281(b)(11), <u>only those exhibits listed in the parties' pretrial statement will be permitted to be offered into evidence</u>. Therefore, any exhibits submitted which are not listed in the pretrial statement will not be admitted.

### 4. Objections

No later than **June 8, 2009,** the parties shall file and serve written objections as to those exhibits identified on the separate exhibits indexes to which there is an indication of either foundational or substantive objections. Such written objections shall reference the exhibit objected to, specifically set forth the objectionable matter in the disputed exhibit, and include a citation to legal authority explaining the grounds for the objection and why the exhibit is not admissible. A concise argument concerning the disputed exhibit may be included.

### 5. Discovery Documents

Only specifically-designated discovery documents will be eligible for admission into evidence. Therefore, the parties shall file and serve no later than **June 8, 2009,** a list of all discovery documents intended to be used at trial, identifying the discovery by set number and indicating whether the original discovery document has been previously lodged with the Court. If a discovery document intended to be used at trial has not been previously lodged, the parties shall also submit the original of such document along with a copy for the Court's use. Such documents shall be **submitted to the clerk's office**. Discovery documents (or relevant portions thereof) may be either separately marked and indexed

as a trial exhibit (as part of the exhibit marking and indexing process described above) or, if admissible, read directly into evidence.

### 6. **Deposition Testimony**

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **June 8, 2009.** Any counter-designation as to the same deposition (also set out by page and line number), along with written objections to any question and answer designated by another party, shall be filed and served no later than **June 8, 2009.** The original certified transcript of any deposition identified in a designation or counter-designation shall be **lodged with the clerk's office** no later than **June 8, 2009,** if not previously lodged with the Court.

All objections shall be in writing, shall identify by page and line number the testimony or content subject to the objection, and shall include a citation to legal authority explaining the grounds for the objection and why the testimony or content is improper. A concise argument concerning the testimony or content may be included.

### 7. **Duty of the Parties' Counsel**

During the course of trial, parties' counsel shall meet with the Court each morning to advise as to which items of evidence will be used that day and which have not already been admitted into evidence. The Court will rule on any objections to the extent possible prior to the commencement of trial each day out of the presence of the jury. If such ruling depends on the receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence. If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required. During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

### 8. **Post-Trial Exhibit Retention**

The party's counsel who introduced exhibits at trial shall retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**G. Trial Briefs**

Any trial briefs shall be filed and served no later than **June 8, 2009** and otherwise pursuant to

this Court's Local Rule 16-285.

**H.     Motions in Limine**

Motions in limine shall be filed and served no later than **May 26, 2009.** Responses to motions in limine shall be filed and served no later than **June 1, 2009.** This Court will conduct a hearing on the motions in limine on **June 5, 2009** at **1:30 p.m.** in Department 4 of this Court.

**I.     Joint Statement of the Case/Agreed Statements**

For use during jury voir dire, the parties shall prepare a joint neutral statement of the case, which briefly describes the case, including the claims and defenses. The joint neutral statement shall be filed and served no later than **June 8, 2009.**

**J.     Proposed Jury Voir Dire**

The parties shall file and serve any proposed jury voir dire no later than **June 8, 2009.** Each party will be limited to 15-30 minutes of jury voir dire at trial.

**K.     Proposed Jury Instructions and Verdict Forms**

The parties shall serve their proposed jury instructions and verdict forms on one another no later than **June 1, 2009.** The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **June 8, 2009.** At the conference, the parties SHALL attempt to reach agreement on jury instructions and verdict forms for use at trial. The parties shall file and serve all agreed-upon jury instructions and verdict forms no later than **June 8, 2009** and identify such as the agreed-upon jury instructions and verdict forms.

**If and only if, the parties after reasonable, good faith effort** cannot agree upon certain specific jury instructions and verdict forms, the parties shall file and serve their respective proposed jury instructions and verdict forms no later than **June 8, 2009** and identify such as the disputed jury instructions and verdict forms.

All jury instructions and verdict forms shall indicate the party submitting the instruction or form (i.e., joint, plaintiffs', defendants', etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All proposed jury instructions and verdict forms described above (whether agreed or disputed)

shall be e-mailed as a WordPerfect attachment to ljoorders@caed.uscourts.gov no later than **June 8, 2009. Jury instructions will not be given unless they so e-mailed to the Court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other instruction forms. The proposed jury instructions and verdict forms must be in the form and sequence which the party desires to be given to the jury and all blanks to form instructions must be completed.**

Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions **SHALL** be used where the subject of the instruction is covered by CACI or BAJI. **All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted.** The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

No later than **June 8, 2009,** the parties shall file and serve written objections to disputed jury instructions proposed by another party. All objections shall be in writing, shall set forth the proposed instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed instruction, and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**L.    Attorney Fees**

The Parties will seek contractual attorneys fees by way of a post-trial motion should either respectively prevail on any claim.

/////

/////

/////

**M.  Compliance with This Order**

Strict compliance with this order and its requirements is mandatory.  Counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

**Dated:   May 14, 2009**               /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE